Opinion of the Court,
by Judge Owsley.
Neither of the defendants in error, who were complainants in the court below, are shown by the evidence to be entitled to any part of the land decreed to them by that court. .
It is essential to the establishment of the claim serted by McCargo, under a sheriff's sale, that the judgment and execution by which the sale was made, should have been produced, but neither of which is contained in the record. And as respects the claim of the other complainant, it is totally unsupported by any evidence,
The decree must, therefore, be reversed with costs, the cause remanded to the court below, and a decree there entered dismissing the bill with costs.
*294 Micah Taul, Esq. counsel for the defendants, present-e<* ^ie following petition for a rehearing or modification of the decree:
The counsel for the defendants respectfully requests the court to set aside the opinion pronounced herein, and grant a rehearing, for the following reasons, to wit:
The court say, in the opinion delivered, “it is essential to the establishment of the claim asserted by McCargo, under a sheriff’s sale, that the judgment and execution by which the sale was made, should have been produced, but neither of which is contained in the record.” The correctness of this position will not be controverted. The counsel has, however, no doubt of the existence of such judgment and execution, and it had not been observed that they were not copied into the record. He knew the case would have to be reversed as to Knapp’s heirs, and he not only supposed, but was informed by the counsel for the plaintiffs, that the only object of the suit was to obtain a reversal of the decree of the court below, as to that branch of the case. The plaintiffs admit that the entry under which the defendants (who were the complainants below) claim the land in controversy, is a valid one; of course, although the defendant, McCargo, has the best claim to the land in controversy, it will be lost to him, unless he is afforded an opportunity of supplying the defect in the record. Knapp’s heirs, or part of them, are infants, and the suit was revived against them, and a guardian ad litem appointed, during the present term. It was not, therefore, supposed that the case would be tried. If, however, the court should not be disposed to grant a rehearing, for the reasons before stated, the counsel for McCargo, would respectfully ask the court to change the opinion so far as to direct the bill to be dismissed without prejudice.
TAUL, for McCargo.
But the court, on consideration, overruled the petition.